UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-14048-CANNON(s)(s)

UNITED STATES OF AMERICA,

vs.

ELIJAH DANIEL SHAW,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON
### CHANGE OF PLEA

    THIS CAUSE is before the Court following an Order of Reference from the Honorable Aileen M. Cannon, United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Elijah Daniel Shaw ("Defendant"). [ECF No. 89]. Based upon the change of plea hearing conducted on January 25, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Cannon, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Cannon. I further advised Defendant that Judge Cannon would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did have the right to have the change of plea hearing conducted by Judge Cannon. Defendant, who stated that he had discussed his right to have the hearing conducted by the

District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.      The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges and with Federal Rule of Criminal Procedure 11. Defendant appeared personally in Court before the undersigned and was placed under oath.

3.      Defendant pled guilty to Counts 1 and 9 of the Second Superseding Indictment[1] filed in this case, which charge him with the following violations: Title 18, United States Code, Section 2251(a) and (e) (Production of Visual Depictions Involving Sexual Exploitation of Minors) (Count 1) and Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) (Possession of Visual Depictions of Sexual Exploitation of Minors) (Count 9). I advised Defendant that as to Count 1, the Court must impose a minimum penalty of fifteen (15) years' imprisonment, and that the maximum penalty the Court may impose is a sentence of thirty (30) years' imprisonment, followed by a term of supervised release of at least five (5) years up to life. I also advised Defendant that the maximum penalty the Court may impose for Count 9 is a sentence of ten (10) years' imprisonment, followed by a term of supervised release of at least five (5) years up to life. I also advised Defendant that the sentences for these charges may run consecutively. I further advised Defendant that in addition to any term of imprisonment, the Court may impose a fine of up to $250,000 per count pursuant to 28 U.S.C. § 3571, in addition to a mandatory special assessment of $5,000 per count, which is due at the time of sentencing, unless he is deemed to be indigent, in

---

[1] The Plea Agreement contains a scrivener's error in paragraph 1 referring to the Second Superseding Indictment as "the Indictment." At the change of plea hearing, the undersigned granted the Government's *ore tenus* motion to correct the reference from "Indictment" to "Second Superseding Indictment."

which case a mandatory special assessment of $100 per count will be imposed and due at sentencing. Defendant acknowledged that he understood the possible penalties, including the minimum and maximum penalties that could be imposed in the case.

4.   To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

5.   The parties had agreed to certain terms for Defendant's plea and entered into a written plea agreement. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to Counts 1 and 9 of the Second Superseding Indictment; the parties agree to a two-level reduction in Defendant's base offense level based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility; the Government agrees that if at the time of sentencing Defendant's offense level is determined to be sixteen or greater, the Government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines if Defendant fully cooperates with the probation office and does not commit any misconduct after entering into the plea agreement; and the Government reserves the right, based on Defendant's cooperation, to file a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that Defendant has provided substantial assistance and recommending that Defendant's sentence be reduced. There were no other agreements

regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

      6.     Defendant acknowledged that he agreed to forfeit, any right, title, and interest to any visual depiction of a minor engaged in sexually explicit conduct, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in the commission of the offense, in violation of Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or promote the commission of such offense, or any property traceable to such property, pursuant to Title 18, United States Code Section 2253(a)(2).

      7.     Defendant further acknowledged that he agreed that the minor victim of all the conduct described in the Government's factual proffer is properly considered a "crime victim" under Title 18, United States Code, Section 3771 and is therefore afforded all enumerated rights under that section. Defendant also agrees to the entry of a Restitution Order for the full amount of the victim's losses, pursuant to Title 18, United States Code, Section 2259, and acknowledged the Court is required to order restitution for the full amount of the victim's compensable losses and that the Court may not decline to award restitution because of Defendant's economic circumstances or the fact that the victim has or is entitled to receive compensation for her injuries from the proceeds of insurance or any other source. Defendant further agreed not to oppose bifurcation of the sentencing hearing if the victim's losses are not ascertainable ten days prior to sentencing.

8. The parties notified the Court that as of the change of plea hearing they had not identified any property subject to forfeiture other than the visual depictions seized in this case, but that Defendant will cooperate fully with the Government in the identification of assets subject to forfeiture. Defendant waived all defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution.

9. Defendant agreed that he waived his right to appeal his sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing. Based upon the Defendant's acknowledgement and responses to my questions during the hearing, the undersigned finds that Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary

10. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant also indicated that he has reviewed discovery with counsel and discussed possible defenses he may have to the charges against him.

11. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

12. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 9 of the Second Superseding

Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offenses as charged.

13. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing before Judge Cannon will be set by a separate order.

14. The parties will have fourteen (14) calendar days from the date of this Report to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 26th day of January 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Aileen M. Cannon
Counsel of Record